## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

<table>
<tr><td>_____<br><br>**KENNETH EDWARDS**, Individually, and<br>On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**ILLINOIS BELL TELEPHONE CO.,**<br>**d/b/a AT&T ILLINOIS** and **AT&T, INC.**<br><br>Defendants.<br>_____</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><br>Civil Action No.:<br><br><br><br><u>**COLLECTIVE & CLASS ACTION**</u><br><u>**COMPLAINT**</u><br><br><br><u>**JURY DEMAND**</u></td></tr>
</table>

Plaintiff, **KENNETH EDWARDS**, individually and on behalf of all others similarly situated, by and through his attorneys, the JTB LAW GROUP, LLC, files this Complaint alleging Defendants, **ILLINOIS BELL TELEPHONE CO.**, d/b/a **AT&T ILLINOIS** and **AT&T, INC.**, (collectively "Defendants" or "AT&T") intentionally and willfully denied the Plaintiff, and others similarly situated, proper overtime compensation along with other unlawful labor practices. Plaintiff asserts the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this collective action, individually and on behalf of all others similarly situated, to recover monetary damages, liquidated damages, interest, and costs, including reasonable attorney's fees, as a result of Defendants' willful violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2.    The proposed collective is composed of Defendants' former and current Network Force Load Analysts ("NFLA") who were not paid proper overtime compensation by Defendants during the applicable statutory period.  Plaintiff, individually and on behalf of all other NFLAs, brings this action under the FLSA in connection with Defendants' commonly applied policy and practice in violation of their statutory obligations to pay Plaintiff and the putative collective members for overtime compensation at a rate of not less than time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week pursuant to 29 U.S.C. § 207(a).

3.    Plaintiff, individually and on behalf of the putative class members, also brings this action under the IMWA and IWPCA and overtime statutes and regulations.  Plaintiff asserts that all affected employees are entitled to overtime compensation at a rate of no less than time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week.  The proposed class is composed of Defendants' former and current NFLAs who were not paid proper overtime compensation by Defendants during the applicable statutory period.

4.    Specifically, Defendants paid employees a pre-determined amount of money in the form of a salary regardless of the number of hours worked.

5.    Defendants failed to pay employees any premium for hours worked in excess of (40) hours per week.

6.    Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the FLSA and corresponding regulations by failing to pay the NFLAs proper overtime compensation for hours worked over forty (40) in a given work week.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

8.      As to claims under state law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because the Plaintiff resides in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

10.      Defendant, **ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS**, is a business organized and existing under the laws of the State of Illinois and maintains their headquarters at 225 West Randolph Street, Chicago, IL 60606.

11.      Defendant, **ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS**, also maintains a business location at 44 South Vail Avenue, Arlington Heights, IL 60005.

12.      Defendant, **ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS**, is a wholly owned subsidiary of **AT&T, INC.**

13.      Defendant, **AT&T, INC.**, is a business corporation organized under the laws of the State of Delaware and maintains their headquarters at 208 South Akard Street, Dallas, TX 75202.

14.      Defendants, **ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS** and **AT&T, INC.**, are all part of a single integrated enterprise that shares a parent-subsidiary relationship and is managed by the same group of high-level officers.

15.     Because all of the Defendants are a single integrated enterprise, Plaintiff seeks to hold all of the Defendants jointly and severally liable for all of the violations that are alleged herein against **ILLINOIS BELL TELEPHONE CO., d/b/a AT&T ILLINOIS**.

16.     At all relevant times herein, Plaintiff, **KENNETH EDWARDS**, was and is a resident of Cook County, State of Illinois.

17.     Defendants jointly employed Plaintiff as a NFLA from approximately December 2009 to the present.

18.     Defendants jointly employed Plaintiff primarily at their 44 South Vail Avenue, Arlington Heights, IL 60005 location.

19.     Plaintiff has executed his consent to join form, attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

21.     **AT&T ILLINOIS** is a domestic business corporation formed and organized under the laws of the State of Illinois doing business in this State and District as a telecommunications company.

22.     At all times material and relevant herein, **AT&T ILLINOIS** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

23.     At all times material and relevant herein, **AT&T, INC.** has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. § 203(s)(1).

24.     Defendants operate and control an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

25.     At all times material and relevant herein, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

26.     Plaintiff was paid a pre-determined amount of money in the form of a salary regardless of how many hours he worked.

27.     Plaintiff's primary job duties included, but were not limited to, monitoring a computer system that dispatches technicians to homes and making real-time adjustments approximately six (6) times a shift.

28.     For instance, Plaintiff will reenter a job order into the system if a technician reports that a customer is not home.

29.     Plaintiff regularly worked in excess of forty (40) hours in a workweek.

30.     Plaintiff received no additional pay for working in excess of forty (40) hours in a workweek.

31.     Plaintiff did not receive time and a half (1.5) of his regular rate of pay for hours worked in excess of forty (40) in each week Plaintiff worked for Defendants.

32.     Defendants did not track the amount of time Plaintiff spent working.

33.     Defendants employ multiple NFLAs.

34.     NFLAs received a pre-determined amount of money in the form of a salary regardless of how many hours they worked.

35.     NFLAs received no additional pay for working in excess of forty (40) hours in a workweek.

36.     NFLAs did not receive time and a half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek while employed by Defendants.

37.     During the applicable statutory period, NFLAs did not fall under any exemption from overtime pursuant to the FLSA.

38.     At all relevant times herein, Defendants directly or indirectly hired NFLAs.

39.     At all relevant times herein, Defendants directly or indirectly controlled Plaintiff's and all other similarly situated employees' work schedules.

40.     Defendants classified NFLAs as exempt from overtime.

41.     Defendants did not specify what exemption from overtime was claimed.

42.     Defendants misclassified NFLAs as exempt from overtime.

43.     At all relevant times herein, Defendants directly or indirectly controlled conditions of NFLAs' employment.

44.     At all relevant times herein, Defendants determined the rate and method of payment of the NFLAs' wages.

45.     Upon information and belief, at all relevant times herein, Defendants have failed to keep full and accurate records of NFLAs' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

46.     Defendants' failure to pay overtime compensation to Plaintiff and all other similarly situated employees, as alleged herein, was willful, intentional, and/or not in good faith.

47.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and reliance on any written administrative regulation, order, ruling, approval, or interpretation by the State of Illinois, U.S. Department of Labor, or any administrative practice or enforcement policy of such department.

48.     Defendants' violations of the above-described federal statutes and regulations were willful, arbitrary, unreasonable, and/or in bad faith.

## COLLECTIVE & CLASS ACTION ALLEGATIONS

49.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50.     Plaintiff brings this action, individually and on behalf of all other similarly situated NFLAs, former and present, who were/are affected by Defendants' willful and intentional violations of the FLSA, as described in this Complaint.

51.     Plaintiff brings this claim for relief due to Defendants' intentional violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The Collective is defined as follows:

**All NFLAs employed by AT&T from April 2013 to present.**

52.     This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA because Plaintiff and the putative collective members are similarly situated in that they all performed similar job duties and were all subject to Defendants' commonly applied policy and/or practice of paying Plaintiff and the putative collective members a pre-determined amount of money in the form of a salary regardless of how many hours they worked.  Further, all members of the putative collective have been subjected to Defendants' willful and intentional violations of their statutory obligations to pay overtime compensation at time and a half (1.5) of their regular rate of pay for work in excess of forty (40) hours per week.

53.    Plaintiff brings this class action to recover monetary damages owed by Defendants to Plaintiff and the putative class members for unpaid overtime compensation pursuant to IMWA and IWPCA.

54.    The Rule 23 Class under the IMWA and IWPCA is defined as follows:

> **All NFLAs employed by AT&T in the State of Illinois from April 2013 to present.**

55.    Class certification is fair and efficient because prosecution of separate actions by individual collective members would create a risk of differing adjudications with respect to such individual members of the collective, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

56.    Furthermore, without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to the members of the collective.

57.    Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents wage and hour claims of a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

58.    The Class is so numerous that joinder of all members is impractical.  While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that at least forty (40) putative class members have worked for Defendants during the applicable statutory period, without receiving appropriate overtime compensation as required by law.

59.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominates over any questions affecting only individual members, including:

      a.   Whether Defendants are liable to Plaintiff and the putative class members for violations of the IMWA and IWPCA;

      b.   Whether Plaintiff and the putative class members worked over forty (40) hours in a workweek;

      c.   Whether Defendants failed to pay Plaintiff and members of the putative class overtime compensation for all hours in the workweek in excess of forty (40).

60.     This litigation is properly brought as a Class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policy and practice, as alleged herein.  Like all other Class members, Plaintiff was damaged by Defendants' standard policy and practice, which failed to pay proper overtime compensation.

61.     Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.   Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

62.     A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

      a.   Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous savings to both the

Court and the putative Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

b. Despite the size of individual Class members' claims, their aggregate volume, coupled with the economics of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost effective basis, especially when compared with repetitive individual litigation; and

c. No unusual difficulties are likely to be encountered in the management of this Class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

63. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

64. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents wage and hour claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

65. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

66. Plaintiff was required by Defendants and regularly worked over forty (40) hours a week.

67.    Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40), in violation of the FLSA.

68.    Defendants' conduct and practice, as described herein, was willful, intentional, unreasonable, arbitrary, and in bad faith.

69.    Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

70.    As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
**(Collective Claim for Violation of the FLSA)**

71.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

72.    Plaintiff and the putative collective members were required by Defendants and regularly worked over forty (40) hours a week.

73.    Defendants failed to pay Plaintiff and the putative collective members proper overtime compensation at time and half (1.5) of their regular rate of pay for hours in a workweek in excess of forty (40), in violation of the FLSA.

74.    Defendants' commonly applied policy and practice, as described herein, was and/or is willful, intentional, unreasonable, arbitrary, and in bad faith.

75.    Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

76.     As a result of the foregoing, Plaintiff and all other similarly situated employees were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of IMWA and IWPCA)

77.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

78.     Plaintiff was required by Defendants and regularly worked over forty (40) hours a week.

79.     Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40), in violation of the IMWA and IWPCA.

80.     Defendants' conduct and practice, as described herein, was willful, intentional, unreasonable, arbitrary, and in bad faith.

81.     As a result of the foregoing, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation pursuant to the IMWA and IWPCA.

## FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of IMWA and IWPCA)

82.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

83.     Plaintiff and the putative class members were required by Defendants and regularly worked over forty (40) hours a week.

84.     Defendants failed to pay Plaintiff and the putative class members proper overtime compensation at time and a half (1.5) of Plaintiff's regular rate of pay for hours in a workweek in excess of forty (40), in violation of the IMWA and IWPCA.

85.     Defendants' conduct and practice, as described herein, was willful, intentional, unreasonable, arbitrary, and in bad faith.

86.     As a result of the foregoing, Plaintiff and the putative class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees, and other compensation pursuant to the IMWA and IWPCA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(A)     A declaratory judgment that Defendants' wage policy and practice alleged herein violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B)     A declaratory judgment that Defendants' wage policy and practice alleged herein violates the IMWA and IWPCA;

(C)     An Order certifying the FLSA collective;

(D)     An Order certifying the IMWA and IWPCA Rule 23 Class;

(E)     An Order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and each putative collective and class member during each workweek;

(F)     Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the putative collective members during the applicable statutory period;

(H)     Judgment for Liquidated damages to Plaintiff and all putative class members pursuant to the IMWA and IWPCA;

(I)     An order directing Defendants to pay Plaintiff and the putative class and collective members reasonable attorney's fees and all costs connected with this action;

(J)     Incentive award for the lead Plaintiff(s);

(K)     An order for injunctive relief and permanently enjoining Defendants from future violations of the FLSA, IMWA, and IWPCA;

(L)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(M)     Judgment for any and all civil penalties to which Plaintiff and all putative class and collective members may be entitled; and

(N)     Such other and further relief as to this Court may deem necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: May 2, 2016                              Respectfully submitted,

                                                **JTB LAW GROUP, LLC**

                                                By: /s/ Jason T. Brown
                                                Jason T. Brown
                                                jtb@jtblawgroup.com
                                                500 N. Michigan Ave., Suite 600
                                                Chicago, IL 60611
                                                (877) 561-0000 (office)
                                                (855) 582-5297 (fax)

                                                *Attorneys for Plaintiff*